

Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com

**Stephen J. Steinlight**
212.704.6008
stephen.steinlight@troutman.com

May 24, 2021

**VIA ECF**

Honorable Paul G. Gardephe, U.S.D.C.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re:**     *Teo v. Cleveland BioLabs, Inc., et al.*, **Case No. 1:21-cv-02187**

Your Honor:

We represent Defendant Cytocom, Inc. ("Cytocom") in the above-referenced action.  On May 17, 2021, Co-Defendants Cleveland BioLabs, Inc. ("CBLI"), Lea Verny, Randy Saluck, Alexander Andryushechkin, Daniil Talyanskiy, Anna Evdokimova, and Ivan Fedyunin (collectively the "CBLI Defendants")  filed a request for a pre-motion conference pursuant to Rule IV.(A) of Your Honor's Individual Rules and Rule12(b)(6) of the Federal Rules of Civil Procedure.  *See* Doc. 14.  For substantially the same reasons as set forth in the CBLI Dedendants' pre-motion submission, Cytocom joins the CBLI Defendants and respectfully requests a pre-motion conference to address Cytocom's anticipated filing of a motion to dismiss.  Alternatively, Cytocom requests leave of Court to file the motion to dismiss and for the Court to issue a briefing schedule.

Plaintiff asserts in this action that Cytocom, a clinical-stage biopharmaceutical company, violated Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act") by causing the CBLI Defendants to file with the SEC on February 16, 2021 an allegedly misleading Registration Statement (the "Original Registration Statement") and that Cytocom further aided and abetted the CBLI Defendants' violations of fiduciary duties in connection with the sales process and the structure of the proposed merger of CBLI and Cytocom.  *See* Compl., *generally*.

Plaintiff commenced this action on March 12, 2021 with the filing of the Complaint, only several weeks after the filing of the Original Registration Statement.  *See* Doc. 1.  In the Complaint, Plaintiff alleges the Original Registration Statement violated the Exchange Act because it omitted several details of the merger.  *Id.* at  ¶¶ 36, 38-41, 57, 59, 62-63, 66-67, 73.  Plaintiff further alleges the CBLI Defendants violated their fiduciary duties by securing inadequate consideration for CBLI under the merger's terms and by including certain improper "deal protection" devices in the operative merger agreement. *Id.* at ¶¶ 44-60.

Critical here, on May 7, 2021, CBLI filed an Amended Registration Statement (the "Amended Registration Statement") with the SEC.  As referenced in the CBLI Defendants' pre-

**Honorable Margo K. Brodie, U.S.D.C.J.**
May 24, 2021
Page 2



motion submission, each of the alleged omissions in the Original Registration Statement were later disclosed by Defendants in the subsequent Amended Registration Statement.  *See* Doc. 14, Ex. 1.

As this Court is aware, the purpose of Rule 12(b)(6), is to "'streamline[ ] litigation by dispensing with needless discovery and factfinding' where the plaintiff has failed to state a claim under the law.'"  *Haynes v City of New York*, 19 CIV. 1925 (NRB), 2020 WL 4926178, at *18 (S.D.N.Y. Aug. 20, 2020) quoting *Neitzke v. Williams*, 490 U.S. 319, 319 (1989).  Here, Plaintiff's Complaint fails to state a plausible claim for relief and the causes of action are futile.  Accordingly, the Complaint should be dismissed in its entirety and with prejudice as against Cytocom.

The Complaint is ripe for dismissal for several reasons.  <u>First</u>, with respect to the causes of action asserted under the Exchange Act premised on factual omissions, the Complaint fails to state a claim because the Amended Registration Statement includes the alleged missing information from the Original Registration Statement and therefore moots any claim for relief.  *See Lions Gate Ent. Corp. v. Icahn*, No. 10 CV 08169 HB, 2011 WL 2462234, at *1 (S.D.N.Y. June 20, 2011); *Taro Pharm. Indus., Ltd. v. Sun Pharm. Indus., Ltd.*, No. 09-cv-8263-PGG, 2010 WL 2835548, at *10 (S.D.N.Y. July 13, 2010).  Additionally, to the extent any of the facts which Plaintiff contends remain undisclosed, these factual omissions are immaterial as a matter of law because any reasonable shareholder would not consider them important in any voting decision.  *See In re Columbia Pipeline, Inc.*, 405 F. Supp. 3d 494, 506 (S.D.N.Y. 2019).  <u>Second</u>, Plaintiff's claims against Cytocom for aiding and abetting a breach of fiduciary duty fail because under New York law, "an aiding and abetting action can survive only where an underlying [fiduciary duty] violation has occurred."  *St. Clair-Hibbard v Am. Fin. Tr., Inc.*, Fed Sec L Rep P 100573 (S.D.N.Y. Sept. 23, 2019) affd, 812 Fed Appx 36 (2d Cir 2020).  However, as set forth in the CBLI Defendants' pre-motion submission, because there was no underlying breach of fiduciary duty by the CBLI Defendants to Plaintiff, the aiding and abetting claim as against Cytocom cannot survive Rule 12(b)(6) scrutiny.  *See* Doc. 14, p. 4-6.

For these foregoing reasons, Cytocom respectfully requests a pre-motion conference to in connection with Cytocom's anticipated filing of a motion to dismiss pursuant to Rule 12(b)(6).  In the alternative, Cytocom requests that the Court grant Cytocom leave to file the motion to dismiss and to provide the Parties a briefing schedule in connection therewith.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Stephen Steinlight*
Jay A. Dubow (Admitted Pro Hac Vice)
Stephen J. Steinlight

116054911v1